UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BRET W. JACOBSON,

                Plaintiff,

        -against-

CITIGROUP GLOBAL MARKET
HOLDINGS INC.,

                Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: _1/28/2022_____

21-cv-2384 (ALC)

OPINION& ORDER

ANDREW L. CARTER, United States District Judge:

      Plaintiff Bret Jacobson, an individual broker, brings this suit against Defendant Citigroup Global Market Holdings Inc. ("CGMHI" or "Defendant"), headquartered in New York, alleging fraud under New York state law and filing of a false registration pursuant to Section 11 of the Securities Act, 15 U.S.C. § 77k.  Defendant now moves for the dismissal.

      Plaintiff resides in Oregon, Wisconsin.  ECF No. 1 ("Pro Se Form Complaint"), at 2–3. Defendant CGMHI is headquartered in New York.  *Id.*  CGMHI is an issuer of UWT notes, which track the S&P GSCI Crude Oil Index ER New.  Plaintiff alleges that CGMHI perpetrated "acute blatant fraud" on holders of UWT notes.  ECF No. 1-1 ("Compl.") ¶ 3.  He alleges that, on March 19, 2020, the fluctuation in the UWT notes "undertracked the index by over 50 percentage points."  *Id.* ¶ 3.  He states the CGMHI software that allows the UWT notes to track the index is automated so this shortfall can only be attributed to "intentional human interference."  *Id.* ¶ 5.  He further alleges that the UWT note registration statement consists of "untrue statements of facts" because of the March 2020 shortfall.  *Id.* ¶ 2.  Plaintiff filed this suit on March 18, 2021.

**LEGAL STANDARDS**

In reviewing a motion to dismiss under Rule 12(b)(1), a court "must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff, but jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." *Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (citation and internal quotation marks omitted).  Rather, "[t]he plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005).

**DISCUSSION**

**I.      Diversity of Citizenship**

Federal diversity jurisdiction exists where plaintiffs and defendants are citizens of different states and the amount-in-controversy is greater than $75,000.  *See* 28 U.S.C. §1332(a). When a plaintiff seeks declaratory relief, "it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Washington State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977) (citations omitted). The party invoking subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists. *Liranzo v. United States*, 690 F.3d 78, 84 (2d Cir. 2012). The amount in controversy is measured "as of the date of the complaint." *Scherer v. Equitable Life Assurance Soc'y of U.S.*, 347 F.3d 394, 397 (2d Cir. 2003).

Plaintiff's claim for compensatory damages—$36,663.55—falls below the amount-in-controversy threshold.  Plaintiff seeks to meet the requirements by alleging a punitive damages amount of $329,971.95.  But under New York law, "[p]unitive damages are 'refused in the "ordinary" fraud and deceit case.'" *Kruglov v. Copart of Connecticut, Inc.*, 771 F. App'x 117,

2

120 (2d Cir. 2019) (quoting *Walker v. Sheldon*, 10 N.Y.2d 401, 405 (1961)).  Plaintiff's complaint does not allege any morally reprehensible grounds for the imposition of punitive damages.  Plaintiff asserts that Defendant perpetuated an egregious fraud upon him and other stockholders but offers no facts to support these assertions.  Accordingly, Plaintiff may not invoke this Court's subject-matter jurisdiction under 28 U.S.C. 1332(a).

## II.    Federal Question

District courts have "original jurisdiction of all civil actions arising under" federal law. 28 U.S.C. § 1331.  "A plaintiff cannot create federal jurisdiction under § 1331 simply by alleging a federal claim where in reality none exists."  *Empire HealthChoice Assur., Inc. v. McVeigh*, 396 F.3d 136, 140 (2d Cir. 2005).  In determining "the existence of a federal question," the Court looks only "to the plaintiff's own claim—not by reference to 'statements raised in anticipation or avoidance of possible defenses that may be interposed.'"  *Empire HealthChoice*, 396 F.3d at 140 (quoting *Briarpatch Ltd., L.P v. Phoenix Pictures, Inc.*, 373 F.3d 296, 304 (2d Cir. 2004)).

Defendant argues that Plaintiff could not seriously bring a Section 11 claim because he did not plead that his UWT notes were the subject of the prospectus cited in this complaint.  This argument is not jurisdictional because it goes to the validity of Plaintiff's claim, not to the Court's power to hear this dispute.  *See Am. Psychiatric Ass'n v. Anthem Health Plans, Inc.*, 821 F.3d 352, 359 (2d Cir. 2016) ("[T]he absence of a valid . . . cause of action does not implicate subject-matter jurisdiction, i.e., the court's statutory or constitutional *power* to adjudicate the case." (quoting *Lexmark Int'l, Inc. v. Static Control Components Inc.*, 572 U.S. 118, 128 n.4 (2014) (alterations omitted)); *see also Nw. Airlines, Inc. v. Cty. of Kent, Mich.*, 510 U.S. 355, 365 (1994) ("The question whether a federal statute creates a claim for relief is not jurisdictional.").

The Court declines to convert Defendant's 12(b)(1) motion for lack of subject matter jurisdiction into a 12(b)(6) motion.  As plaintiff is proceeding *pro se*, he should be afforded the opportunity to fully tackle Defendant's arguments.

Accordingly, Defendant's motion to dismiss for lack of subject matter jurisdiction is **DENIED**.  The Clerk of the Court is respectfully directed to terminate ECF No. 16.  The parties are directed to file a joint status report on or before February 11, 2022 regarding proposed next steps in this action.

**SO ORDERED.**

Dated:    **January 28, 2022**
          **New York, New York**

_____
          **ANDREW L. CARTER, JR.**
          **United States District Judge**